# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| WASEEM DAKER,<br>    Plaintiff,<br><br>              v.<br><br>KAELYNE YUMUL WIETELMAN and<br>JASON A. LEVINE,<br>    Defendants. | Civil Action No.<br>4:24-cv-00206-SDG |

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins, III, which recommends that this case be dismissed because Plaintiff Waseem Daker failed to comply with the Permanent Filing Injunction.[1] Daker objected,[2] and Defendants responded to the objections.[3] The Court **OVERRULES** Daker's objections and **ADOPTS** the R&R, with the exception of its recommendation that the case be dismissed without prejudice. For the following reasons, the Court concludes **DISMISSAL with prejudice** is appropriate.

---

[1]   ECF 34.

[2]   ECF 38.

[3]   ECF 39.

1

**I.    Background**

Daker's history as a serially abusive filer is well documented. *See, e.g., Daker v. Head*, Nos. 22-12830 and 22-13438, 2024 WL 2796400 (11th Cir. May 31, 2024) (per curiam); *Daker v. Commr., Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016). Because of his ongoing abuse of the judicial system, the Court entered the Permanent Filing Injunction. *Daker v. Deal*, No. 1:18-cv-5243-SDG, ECF 57 (N.D. Ga. Aug. 4, 2020). That injunction requires, among other things, that every time Daker files a lawsuit in any federal court, he include (1) a copy of the Permanent Filing Injunction and (2) a list of every lawsuit, habeas corpus petition, and appeal he has filed in any federal court along with the final disposition of each. Failure to comply with these requirements will result in summary dismissal. Permanent Filing Injunction at 19. The Permanent Filing Injunction was unanimously upheld on appeal. *Daker v. Gov. of Ga.*, No. 20-13602, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022).

Daker's abusive litigation has, nonetheless, continued unabated. In an apparent attempt to evade the conditions of the Permanent Filing Injunction that apply only in this Court (such as the requirement to pay the filing fee and post a contempt bond), Daker initiated this action in the U.S. District Court for the District of Columbia.[4] He asserted claims—against the former attorneys of *his*

---

[4]   That court transferred the action here, over Daker's objection [ECF 29].

2

former attorneys[5]—for theft by conversion, deprivation of personalty, and intentional infliction of emotional distress because they allegedly failed to return a flash drive, an SD card, and various cables and electronic components that Daker had allegedly sent his former attorneys.[6] Significantly, when initiating the case, Daker did not comply with the Permanent Filing Injunction's mandate to include (1) a copy of the injunction or (2) a comprehensive list of his prior cases. Nor did he otherwise make any reference to the Permanent Filing Injunction.[7] He later filed an amended complaint that included only a partial list of cases,[8] but did not include a copy of the Permanent Filing Injunction.

Defendants therefore moved to dismiss because of Daker's failure to comply with the Permanent Filing Injunction,[9] which Daker opposed.[10] But there is no dispute that Daker failed to comply with the terms of the Permanent Filing Injunction when he filed this case. Judge Larkins duly noted that (1) Daker is well

---

[5] That is, Defendants here never represented Daker himself. They represented former attorneys of Daker whom Daker had sued.

[6] ECFs 1, 9, 25.

[7] *See generally* ECF 1.

[8] ECF 9. For instance, the list Daker supplied does not identify any case filed in this Court after 2020 (*e.g.*, *Daker v. Emmons*, Case No. 4:23-cv-00213-SDG, which he initiated less than two months before he submitted his partial case list to the DC district court).

[9] ECF 33.

[10] ECF 37.

aware of the Permanent Filing Injunction's requirements; (2) Daker is required to file his case history and the Permanent Filing Injunction when he *initiates* any case in any federal court; (3) later attempts by Daker to cure his failures to comply with the Permanent Filing Injunction are unavailing; (4) even if this Court were to accept the late filing of Daker's partial case history, Daker still has not complied with the Permanent Filing Injunction because he has not filed a copy of that order; and (5) other courts have consistently enforced the terms of the Permanent Filing Injunction by dismissing cases when Daker fails to comply with the express terms of that order.[11] The R&R accordingly recommends that this case be dismissed.

## II.     Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

---

[11] ECF 34, at 3-4.

**III.     Discussion**

Daker first objects that he filed a timely amended complaint before Defendants or the Court pointed out that he had failed to comply with the Order, and his amended complaint contained his litigation history, demonstrating his good faith. As noted above, however, even if this Court were willing to accept the late filing of the partial litigation history, Daker never complied with the requirement to file a copy of the Permanent Filing Injunction. In light of Daker's extensive, abusive litigating history, this Court requires more than untimely partial compliance with the Permanent Filing Injunction to establish his good faith.

Daker next insists that he should be forgiven for failing to file a copy of the Permanent Filing Injunction because prison officials destroyed his only copy. And, even if he did have a copy, prison officials have allegedly limited his access to his files and will not let him make photocopies. The Court has repeatedly rejected similar arguments and Daker's current objection does not provide any basis to justify a different result here. Daker has long had access to PACER and the internet. *See, e.g., Daker v. Adams*, No. 1:20-cv-04130, ECF 20, Order of June 21, 2021, at 2. Daker has a demonstrated ability to print documents—including a 16-page opposition to Defendants' motion to dismiss and a 23-page set of objections—but has provided no explanation for why he did not similarly print out a copy of the Permanent Filing Injunction. Daker is also aware that he may obtain a copy of that

5

order from the Clerk of this Court. Given that he paid the filing fee for this case (despite initially trying to proceed IFP),[12] and recently put up the $1,500 contempt bond required by the Permanent Filing Injunction,[13] the copying fee charged by the Clerk should have been no impediment.

Finally, the Court briefly addresses Daker's remaining arguments. He did not comply with the Permanent Filing Injunction so there is no reason to dismiss only the two Defendants named in the original complaint but not the additional Defendant added in the Second Amended Complaint. The bases for dismissal apply equally to all Defendants.

Further, and despite Daker's objections to the contrary, his repeated failure to comply with the Permanent Filing Injunction *does* justify dismissal with prejudice. LR 41.3(A)(3), NDGa (failure to obey a lawful order of the Court justifies dismissal with prejudice). In fact, the Eleventh Circuit recently upheld the summary dismissal with prejudice of one of Daker's many suits because of his failure to comply with the Permanent Filing Injunction. *Daker v. Comm'r, Ga. Dep't of Corrs.*, No. 22-12369, 2024 WL 1794368, at *2 (11th Cir. Apr. 25, 2024).

The Court also rejects Daker's request for a stay pending his appeals in other cases dismissed for his failure to comply with the Permanent Filing Injunction. The

---

[12]  Mar. 7, 2023 D.E.

[13]  *Daker v. Deal*, Case No. 1:18-cv-05243-SDG, Nov. 5, 2024 D.E. (N.D. Ga.).

injunction "operates continuously and perpetually upon and is binding upon Daker throughout the United States," *Daker v. Gov. of Ga.*, 2022 WL 1102015, at *2 (cleaned up). Daker has not shown that appeals related to his failure to comply with that directive have any likelihood of success. *See, e.g., Daker v. Comm'r, Ga. Dep't of Corrs.*, 2024 WL 1794368.

## IV. Conclusion

Daker's objections [ECF 38] are **OVERRULED** and the R&R [ECF 34] is **ADOPTED** as the Order of this Court, except that this case is **DISMISSED with prejudice**. Defendants' motion to dismiss [ECF 33] is **DENIED as moot**.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 3rd day of January, 2025.

Steven D. Grimberg
United States District Judge